# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ROSINA ANAYA and MELA MONTOYA,
as co-personal representatives of the
ESTATE OF CONRADA ANAYA, deceased,

        Plaintiffs,

v.                                        Civ. No. 09-323 JCH-RHS

AMERICAN SAFETY INDEMNITY COMPANY, and
LANDSDOWNE INSURANCE COMPANY, LTD.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiffs' *Motion for Leave to File Surreply* ("Pl. Mot.") [Doc. 14]. Plaintiffs' motion seeks to enable them to submit further briefing on Defendant American Safety Indemnity Company's ("ASIC") *Motion to Dismiss* [Doc. 6]. Plaintiffs claim that ASIC's *Reply in Support of its Motion to Dismiss* [Doc. 12] presents new legal arguments and authority not previously raised by either party, and that they should have an opportunity to respond to these new arguments and authorities. The defining issue before the Court with respect to ASIC's *Motion to Dismiss* is whether Plaintiffs have standing to sue to reform an insurance policy to which they are not parties. If they have no standing to sue to reform the policy, all other issues, such as whether the insurance policy issued by ASIC is subject to New Mexico law, are moot. Because the authorities cited for the first time in ASIC's Reply brief, in particular *Martinez v. Cornejo*, 146 N.M. 223 (Ct. App. 2008), *cert. denied*, 145 N.M. 655 (N.M., Jan. 5, 2009), appear to foreclose Plaintiff's suit, the Court will give Plaintiffs an opportunity to respond.[1] Plaintiffs' surreply should be limited to addressing the issue of why

---

[1] In allowing Plaintiffs this opportunity to file a surreply, the Court is not finding that Defendant ASIC acted improperly in framing the issues or in submitting new authorities in its

*Martinez* and the cases upon which it relies does not prohibit a third-party claimant from suing to reform an insurance contract. ASIC's position on this issue, and the authorities on which it relies for its position, is sufficiently clear that a response to Plaintiffs' surreply should not be necessary and will not be permitted without leave from the Court.

## FACTUAL BACKGROUND

Plaintiffs have alleged the following facts in their complaint, which the Court must accept as true for purposes of deciding ASIC's *Motion to Dismiss*:

Plaintiffs, Rosina Anaya and Mela Montoya, are residents of Santa Fe County, New Mexico, and are the duly-appointed co-personal representatives of the Estate of Conrada Anaya, deceased ("Decedent"). In 2006, Decedent filed a state court lawsuit against Silverstone Healthcare of Santa Fe-I, LLC ("SHSF"), the licensed operator of Santa Fe Care Center, the nursing home in which Decedent had lived. The lawsuit sought damages for the personal injury sustained by Decedent as a result of negligent acts and omissions of employees or agents of SHSF. On May 29, 2008, a Partial Final Judgment awarded judgment in favor of Decedent and against SHSF in the amount of $159,422.64 as compensatory damages, in addition to costs and pre- and post- judgment interest. Defendant ASIC is a foreign insurance company, who sold a liability policy to Silverstone Healthcare, Inc. ("SHI"), the parent of SHSF.

The ASIC Policy provided coverage for negligent acts or omissions occurring after September 1, 2003, that resulted in bodily injury to residents of Santa Fe Care Center. The injury to Decedent occurred on February 17, 2004, and it was covered by the Healthcare Professional Liability Coverage Part of the ASIC Policy. The ASIC Policy provides coverage in

---

Reply brief. Rather, because the authority cited by ASIC appears to preclude Plaintiffs' suit, the Court wishes to afford Plaintiffs an opportunity to respond before issuing a ruling.

the amount of $25,000 per occurrence.  The ASIC Policy provides that the recoverable amount is reduced by the amount of all claim-related costs, including legal defense costs.

Plaintiffs' allegations against Defendant ASIC are found in the first count of their complaint.[2]  Plaintiffs allege that the $25,000 limitation of liability under the ASIC policy is "unconscionable and unenforceable as contrary to New Mexico law and contrary to the public policy of New Mexico." Complaint, attached as Exhibit 1 to Defendant's Notice of Removal [Doc. 1] at 3, ¶ 13.  In the alternative, Plaintiffs allege that the defense cost offset provisions of the ASIC Policy are unconscionable and unenforceable as contrary to New Mexico law and contrary to the public policy of New Mexico.

In support of their allegations, Plaintiffs point to Sections 13.11.2.7 to .9 of the New Mexico Administrative Code (Nov. 30, 2001).  Under these Sections, policy provisions in New Mexico liability insurance policies that reduce the limits of liability coverage by the amount of legal defense costs are prohibited unless, in the case of a professional liability policy other than medical malpractice liability, the liability limits for all coverages under the policy are at least $500,000.  Plaintiffs also highlight Section V(H) of the ASIC Policy, which provides that any policy terms that are in conflict with applicable law are deemed to be amended to conform to such laws.

Plaintiffs request a declaratory judgment declaring that the Healthcare Professional Liability Coverage Part of the ASIC Policy is unenforceable with respect to its purported limits of liability.  In addition, Plaintiffs request that the Court reform the ASIC Policy so as to make the limit of liability $500,000 per occurrence rather than $25,000 per occurrence, or, in the

---

[2] The Court will not address the second count of Plaintiffs' complaint, as it deals with another Defendant insurance company and is not at issue here.

alternative, so as to eliminate from the ASIC Policy all provisions that purport to offset the amount of coverage by all claim-related costs.

## DISCUSSION

In their motion seeking leave to file a surreply, Plaintiffs contend that ASIC raised three new arguments in its Reply brief.  Specifically, Plaintiffs claim that ASIC argued for the first time that:

> (1) an injured third party does not qualify as a third-party beneficiary under an insurance contract; (2) dismissal is appropriate because the ASIC policy fails to reflect that plaintiffs are named insureds, additional named insureds, or that the policy was clearly intended to benefit plaintiffs; and (3) plaintiffs failed to sufficiently allege third-party beneficiary status in their complaint.

Pl. Mot. at 2.

While ASIC's Reply brief may have stated arguments with a slightly different emphasis than the arguments it made in its initial Memorandum in Support of its Motion to Dismiss ("Deft. Mem.") [Doc. 7], ASIC's initial Memorandum clearly stated the contention that forms the crux of its motion: that, as strangers to the ASIC Policy, Plaintiffs lack standing to seek reformation of its terms and conditions.  *See* Deft. Mem. at 2-3.  Nonetheless, the Court allows Plaintiffs an opportunity to file a surreply.  It does this not because ASIC's arguments in its Reply brief break new ground, but rather because it is not until the Reply brief that either party discusses case law that appears to be controlling.

In its initial brief, ASIC rested its argument that Plaintiffs have no standing to seek reformation of the contract on *Shelter Mut. Ins. Co. v. LittleJim*, 927 F.2d 1132, 1134 (10th Cir. 1991), which it claimed "is dispositive."  Deft. Mem. at 3.  *Shelter Mutual* concerns an injured motorist seeking to avoid enforcement of an automobile policy provision governing permissive use of an insured vehicle on "public policy" grounds reflected in Oklahoma's mandatory vehicle

insurance statute.  *Shelter Mutual*, 927 F.2d at 1134-35.  The court rejected the injured motorist's effort to reform the insurance policy to comply with the asserted public policy, holding that the injured party, "not being a party to the [insurance] contract, has no standing to seek its reformation."  *Id*. at 1135.  However, this case is not "dispositive," because it is based on an interpretation of Oklahoma law.  A federal court sitting in diversity applies the substantive law of the forum state.  *See Clark v. State Farm Mut. Auto. Ins. Co.*, 433 F.3d 703, 709 (10th Cir. 2005); *Blanke v. Alexander*, 152 F.3d 1224, 1228 (10th Cir. 1998).  Thus, the issue in this case is under what circumstances New Mexico state courts would allow a non-party to an insurance contract to sue to enforce or reform that contract.  *Shelter Mutual* does not address this question or provide an answer that is binding on New Mexico courts.

Plaintiffs' argument in its Response brief that *Clark v. State Farm Mut. Auto. Ins. Co.*, 319 F.3d 1234 (10th Cir. 2003) "implicitly overrule[d]" *Shelter Mutual* is similarly unavailing.  The *Clark* court, citing a Colorado Court of Appeals decision, affirmed the right of a specific class of third-party beneficiaries to seek reformation of an insurance policy, finding that "in Colorado, a pedestrian to whom [personal injury protection] benefits are payable is a third-party beneficiary of the policy and has standing to bring reformation and contract claims against the insurer."  *Clark*, 319 F.3d at 1241.  Not only is *Clark* based on an interpretation of Colorado law and therefore not binding on this Court, but, as explained below, it encompasses a situation easily distinguishable from that presented by Plaintiffs.

Under New Mexico law, with the exception of proceedings that do not survive the death of the decedent, the personal representatives of a decedent who was domiciled in New Mexico at the time of her death have the same standing to sue in a court of New Mexico or the courts of any other jurisdiction as the decedent had immediately prior to her death.  NMSA 1978 § 45-3-

5

703E.  ASIC does not contend that Plaintiff's action is barred by the exception to this rule.  Therefore, if Decedent could have sued to reform the insurance contract at the time of her death, Plaintiffs have standing to sue as her co-personal representatives.  The dispositive issue regarding standing is therefore whether Decedent, as a person injured by the policyholder of an ASIC liability policy, was the intended beneficiary of that insurance policy such that she had a right to enforce or reform its terms.

In its Reply brief, arguing that Decedent could not have qualified as an intended beneficiary of the insurance policy between ASIC and SHI, ASIC cites *Martinez v. Cornejo*, 146 N.M. 223 (Ct. App. 2008), *cert. denied*, 145 N.M. 655 (N.M., Jan. 5, 2009).  *Martinez*, and the cases on which it relies, appears to govern which rights injured third-party claimants have with respect to insurance contracts and to clearly state the circumstances under which such third-party claimants may sue.  Because ASIC's Reply brief is the first instance in which this seemingly dispositive case is raised by either party, the Court will afford Plaintiffs the opportunity to argue why *Martinez* should not govern this case.

*Martinez* concerns a class action suit brought by third-party claimants pursuant to the Trade Practices and Frauds Act ("TPFA"), NMSA 1978 § 59A-16-1 to -30 (1984, as amended through 2007).  Each plaintiff in *Martinez* was injured by an insured who held an automotive liability policy with Allstate Insurance Company.  Plaintiffs each attempted to settle their personal injury claims rather than go to trial, ultimately went to trial, and recovered amounts greater than the settlement offers made by Allstate in pre-trial negotiations.  They then filed a class action suit alleging that Allstate had used unfair claims settlement and litigation practices, such as making unreasonably low settlement offers and refusing to negotiate, in violation of NMSA § 59A-16-20(E) and (G) (requiring insurers to attempt to settle cases in good faith and

precluding insurers from offering substantially less than what is ultimately recovered). NMSA § 59A-16-30 creates a private right of action on behalf of any person who has suffered damages as a result of the violation of any provision of the TPFA, and it was pursuant to this private right of action that the *Martinez* plaintiffs brought their suit.

As relevant to this case, *Martinez* considered whether a suit under the TPFA by a third-party claimant is based on a contract violation, or is merely a statutory creation.[3] The plaintiffs argued that they are deemed to be the intended beneficiaries of the insured tortfeasors' insurance policies, and that insurance companies have a contractual duty to comply with the TPFA. In holding that third-party rights of action brought pursuant to the TPFA arise from statutory obligations imposed on insurers by the Legislature rather than from contractual obligations to the third parties, the *Martinez* court recognized that "injured parties have legitimate interests in an insurance policy and the manner in which their claims are settled, but that does not give them the same rights as first-party insureds who can sue for breach of contract." 146 N.M. at 233. The court found that third-party claimants are "like an incidental beneficiary of the contract between Allstate and its insured," because they are "'neither the promisee of a contract nor the party to whom performance is to be rendered,' and although [they] 'will derive a benefit from its performance' [they have] no personal right to sue for breach of contract." *Id*. (quoting *Fleet Mortgage Corp. v. Schuster*, 112 N.M. 48, 49-50 (1991)). In finding that the third-party claimants' suit derived solely from a statutory cause of action created by the Legislature, the *Martinez* court emphasized that common law bad faith claims only enforce the contractual

---

[3] At issue in *Martinez* was whether the court should apply the four-year "catch-all" statute of limitations found in NMSA § 37-1-3 (1975) or the six-year statute of limitations for actions founded upon written contracts.

obligations between an insurer and insured, and have no concern for the effect of an insurer's alleged misconduct on a third party. *Id*. at 235.

*Martinez* relied heavily upon *Hovet v. Allstate Ins. Co.*, 135 N.M. 397 (2004), in finding that third-party claimants have no contractual basis to sue insurers. Although Plaintiffs cite *Hovet* for the proposition that "New Mexico courts recognize the right of a third-party beneficiary of an insurance contract to sue an insurer in a variety of contexts," Plaintiffs' Response [Doc. 8] at 4, *Hovet* does not appear to offer support for third-party claimants in Plaintiffs' position to sue at all, and certainly not to sue for contract enforcement or reformation. *Hovet* found that the TPFA's private right of action enabled certain third-party claimants as well as first-party insureds to sue for unfair claims practices. 135 N.M. at 400. However, the *Hovet* court's reasoning in extending that cause of action to a limited class of third-party claimants appears to preclude Plaintiffs' action in this case.

*Hovet* found only that the New Mexico Legislature intended the private right of action that it created to enable claimants under automobile liability policies to sue for unfair settlement practices to apply to third-party claimants. The court explicitly limited its holding to suits involving "automobile liability insurance required for the benefit of the public by the [Mandatory Financial Responsibility Act]." *Id*. at 404. It refrained from "pass[ing] upon potential claims by putative beneficiaries of other kinds of *mandatory* liability insurance," and observed that "compulsory automobile liability insurance under the [Mandatory Financial Responsibility Act] has its own strong public policy and judicial precedent that affords third-party claimants a special, *if not unique*, place in our jurisprudence." *Id*. (emphasis added). The court found that the third parties seeking to enforce a legislatively-created private right of action could demonstrate that they were intended beneficiaries of compulsory automobile liability

insurance policies because "[c]ompulsory liability insurance 'is intended to provide a benefit to the general public.'" *Id.* at 403 (citation omitted).

Significantly, Plaintiffs have neither claimed nor offered evidence that nursing homes, such as the insured tortfeasor in this case, are subject to compulsory liability insurance requirements, nor has the Court found any New Mexico statute or regulation mandating such liability insurance. As such, the nature of the insurance provided by ASIC to SHI appears more in the nature of indemnification insurance, which is intended to protect the insured from loss, than the type of mandatory liability insurance contemplated in *Hovet* that turns third-party claimants from incidental beneficiaries into intended beneficiaries. *See Hovet*, 135 N.M. at 403. In addition, even the third-party claimants who qualified as intended beneficiaries under the unique strictures of *Martinez* and *Hovet* were only able to sue for damages under the legislatively-created private right of action of the TPFA, not to enforce or reform the insurance contract itself. Plaintiffs did not bring a claim for damages under the TPFA, but rather to reform and enforce the contract. Plaintiffs' surreply should address why they contend that *Hovet* enables suits by third-party claimants other than those covered by mandatory automobile liability insurance and also address how *Martinez* and *Hovet* do not preclude them from suing to reform or enforce a contract to which they were not a party.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs' *Motion for Leave to File Surreply* [Doc. 14] is GRANTED. Plaintiffs' surreply should be filed within ten days of this order.

_____
**UNITED STATES DISTRICT JUDGE**

Dated this 29th day of March, 2010.

9